### LOWERY v. GREGORY.

NONSUIT—CLAIM AND DELIVERY—CHATTEL MORTGAGE—BILL OF SALE.—
Nonsuit should not be granted in claim and delivery, defendant claiming two mules under bill of sale, and note given over both for purchase price of one, assigned to defendant after maturity of note; where there is evidence tending to show that paper was intended as a mortgage; that plaintiff had tendered balance due and cost of seizure, which had been refused.

Before KLUGH, J., Chesterfield, April term, 1900. Reversed.

Action in claim and delivery by J. W. Gregory against T. S. Gregory. From order granting nonsuit, plaintiff appeals on following exceptions:

"I. Because the Circuit Judge erred in holding, if he so

meant to hold, that the bill of sale set out in the case under
which the defendant seized the mules described in the com-
plaint was an absolute sale of the property described therein,
when all the testimony before the Court showed that it was
only given as security for the payment of a debt.

"II. Because the Circuit Judge erred in holding, if he so
meant to hold, that the plaintiff could not show in this ac-
tion that the said bill of sale, while absolute on its face, was
only intended as a mortgage or security for the payment
of a debt, and he erred in holding that same was an abso-
lute sale of the property therein described; whereas, he
should have held that it was a question of fact for the jury
to find whether the said bill of sale was an absolute sale of
the property or a mortgage thereon given to secure a debt.

"III. Because the Circuit Judge erred in holding, if he
meant to so hold, that the said bill of sale could be held by
the defendant as a security for the payment of any other
debt than the one for which it was given as a security by
the plaintiff, and that the plaintiff could not recover pos-
session of the property described in the said bill of sale until
he had paid or tendered all sums of money which the plaintiff
might owe defendant, to wit: that he could not recover the
said mules until he paid or tendered not only the amount due
on the note and bill of sale dated January 19th, 1898, but
also the notes bearing date respectively June 3d, 1897, and
September 2d, 1897; whereas, he should have held that upon
payment or tender of the amount due upon the note and bill
of sale dated January 19th, 1898, and its refusal by the de-
fendant, that, if the jury found that the said bill of sale was
given as security for the debt evidenced by said note, the lien
of the said bill of sale would be thereby discharged, and the
plaintiff would be entitled to recover possession of the prop-
erty described in the bill of sale.

"IV. Because the Circuit Judge erred in holding that
there was a total failure of proof on the part of the plaintiff
to establish the allegations of his complaint, and in granting
the order of nonsuit.

"V. Because the order appealed from was contrary to the law and the evidence in the case, and there was ample proof to sustain the allegations of the complaint."

*Mr. W. P. Pollock,* for appellant, cites: *As to the right of mortgagor to redeem before sale:* 20 S. C., 20, 520; Rev. Stat., 2464.

*Messrs. Stevenson & Matheson,* contra, cite: *This being a deed, Rev. Stat., 2464, does not apply, and mortgagor has no right to redeem without paying all due mortgagee:* 43 S. C., 200; 26 S. C., 347; McM. Eq., 15; 20 S. C., 20, 30; 35 S. C., 511; 53 S. C., 18. *Prior to act of 1892 formal tender did not reinvest title in mortgagor:* 20 S. C., 20; 51 S. C., 42. *Where suit is brought against an individual, and proof shows that he holds property as committee for lunatic, non-suit is proper:* 41 S. C., 537; 17 S. C., 41; 25 S. C., 416.

April 3, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. The action of plaintiff was in claim and delivery, commenced on 30th day of January, 1900. After plaintiff had disclosed his entire case in the testimony offered by him, on motion of defendant, an order for nonsuit was made by Judge Klugh, before whom and a jury the action was being tried. The Circuit Judge gave no reasons for his action in the premises. The rule is well settled that a Circuit Judge should not grant an order of nonsuit unless the plaintiff has failed to offer testimony on some material point involved in the support of plaintiff's cause of action. In order to ascertain if the Circuit Judge made such error as is alleged in the grounds of appeal, it will be necessary to ascertain what the material points here involved were, and also if there was materal testimony offered by the plaintiff in support of such material points. As before remarked, this is an action known to the profession as one in claim and delivery, for the recovery by the plaintiff as his property of

two iron gray mules, named respectively "Jack" and "Bob," or $150, their value, in case the mules cannot be returned, which were taken wrongfully from the possession of said plaintiff by the defendant. It is admitted that up to November or December, 1899, these mules were in the possession of the plaintiff and were worth $150 when taken, and that they were taken by the defendant out of the plaintiff's possession. It is also admitted that on the 9th day of January, 1898, the plaintiff made and delivered to one P. B. Huntley his promissory note, due on the 1st October, 1898, for the sum of $82.70, and that the consideration of that note was the purchase price of one of the two mules, which was on that day sold by said P. B. Huntley to the plaintiff, Lowery. That on that day, the 19th January, 1898, the said plaintiff, Lowery, executed a sale bill of both of the gray mules then owned by said plaintiff (including the one gray mule that day bought by Lowery from P. B. Huntley). That the promissory note for $82.70 was transferred, after maturity, to wit: on 7th November, 1898, and also the sale bill of the two gray mules was assigned by said P. B. Huntley to the defendant, as committee for one W. S. Jackson, a lunatic; and that on the same day the said P. B. Huntley transferred two past due promissory notes made by the plaintiff, Lowery, to said P. B. Huntley unto the said defendant, as committee for said W. S. Jackson, a lunatic. It was also admitted that before this suit for said mules the plaintiff tendered the sum of $42.70 and the interest thereon, together with a sum of money sufficient to pay the costs and the expenses of seizing and keeping said two mules, unto the defendant, claiming that he had previously to 7th November, 1898, paid to P. B. Huntley the sum of $40 in cash, in part payment of said note for $82.70. It was in evidence by parol that the plaintiff retained possession of said mules covered by said bill of sale long after its execution, and that such paper, though its terms imparted an absolute sale, was really executed as a mortgage of the two mules to secure the payment of $82.70; that in September, 1898, the plaintiff did pay to P. B. Hunt-

ley $40 on this $82.70 note.   Under these circumstances we do not see how the Judge could look upon the alleged bill of sale as anything else than a mortgage; that being a mortgage, it was in the power of the plaintiff, under the act of 1892 (see 21 Stat. at Large, page 7), which was intended, as indicated by its title, "An act regulating chattel mortgages and the payment and satisfaction thereof," to tender the mortgage debt and any costs incurred in attempting to enforce its payment, and such a tender so made shall render the mortgage null and void; and as there was evidence on this material point, it was for the jury and not the Judge, to say whether the tender was made as testified by witnesses to have been made; that the defendant having had the note and bill of sale—mortgage—assigned to him, after maturity of the note, took it with all its infirmities.   We do not mean by what we say to pass upon the facts as testified to in any other way than as the Circuit Judge should have looked at them, to see if such testimony was material.

Let the Reporter incorporate the grounds of appeal in his report of the case.   We sustain them as far as the foregoing views do so.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the action be remanded to that Court for a new trial.