## 11437

### SUMTER COUNTY DUROC STOCK FARM v. DUBOSE

(121 S. E., 673)

1. LANDLORD AND TENANT—CLAIM AND DELIVERY PROPER REMEDY WHERE PRODUCTS IN POSSESSION OF THIRD PERSON.—Where an outsider and not the tenant is in possession of the property claimed, an action in claim and delivery is the proper remedy for the enforcement of an agricultural rent lien upon farm products.

2. PLEADING—PERMITTING AMENDMENT OF COMPLAINT TO CONFORM TO PROOF WITHIN JUDGE'S DISCRETION.—Where the amendment of the complaint does not change the nature of the cause of action but conforms the allegations to the proof, it is entirely within the discretion of the Circuit Judge to allow it.

Before DEVORE, J., Sumter, November, 1922. Affirmed.

Action by Sumter County Duroc Stock Farm against T. S. DuBose, Jr. Judgment for plaintiff, and defendant appeals.

The first exception is as follows:

(1) Because his Honor erred in refusing the defendant's motion for a nonsuit upon the ground that claim and delivery was the wrong remedy for the enforcement of an agricultural rent lien upon farm products; because the statute which creates the lien upon crops for rent prescribes the remedy for its enforcement, which remedy is exclusive.

*Messrs. Tatum, Wood & Wilson,* for appellant, cite: *Claim and delivery improper remedy:* 107 S. C., 142; 14 S. C., 35; 15 S. C., 548.

*Messrs. Harby, Nash & Hodges,* for respondent, cite. *Claim and delivery proper:* 107 S. C., 142. *Claim for rent takes precedence over crop mortgage executed after contract of rental was entered into:* 3 Civ. Code 1922, Sec. 5285.

March 4, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a verdict directed in favor of plaintiff against the defendant by his Honor, Judge DeVore. The exceptions, seven in number, raise three points:

Did his Honor err in holding that claim and delivery proceedings were a proper remedy in this cause? These exceptions are overruled. The tenant is not in possession of the property claimed, but an outsider. The authority

of *Hamilton v. Blanton,* 107 S. C., 142; 92 S. E., 275, fully sustains Judge DeVore's ruling.

Second. Should his Honor have directed a verdict in favor of the defendant, upon the ground that the defendant was an innocent purchaser for value without notice? These exceptions are overruled. There is an entire absence of proof to sustain the contention of the defendant that he was an innocent purchaser for value.

Third. Did his Honor err in permitting the plaintiff to amend his complaint? These exceptions are overruled. It being entirely in the discretion of his Honor, and in furtherance of justice, it in no manner changed the nature of the cause of action, but conformed the allegation of the complaint to the proof in the case.

The defendant testified that he had the cotton, could identify it, and by turning it over to the plaintiff could comply with the verdict of the jury.

All exceptions are overruled, and judgment affirmed.

Messrs. Justices Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.

Mr. Justice Fraser disqualified.