## 11511

### BROOKHART v. LANGFORD *ET AL.*

(122 S. E., 867)

1. LANDLORD AND TENANT—LANDLORD'S LIEN FOR RENT WILL SUPPORT ACTION IN CLAIM AND DELIVERY AGAINST THIRD PERSON.—An agricultural landlord's lien for rent not disputed by tenant will support an action in claim and delivery against a third person for possession of cotton.

2. LANDLORD AND TENANT—CONTENTION THAT BALE OF COTTON EXCEEDED WEIGHT OVER WHICH PLAINTIFF IN CLAIM AND DELIVERY HAD A LIEN HELD WITHOUT MERIT.—In an action by one having an agricultural rent lien on a 500-pound bale of cotton against chattel mortgagees, defense that bale weighed 510 pounds *held* without merit, where plaintiff, under Civ. Code 1922, § 5630, had tendered a check in payment of the extra ten pounds.

3. EVIDENCE—JUDICIAL NOTICE TAKEN OF SYSTEM OF TENANT FARMING AND MARKETING OF STAPLE CROP.—Courts may properly take judicial notice of local usages, and customs in conduct of State's system of tenant farming and marketing of its staple crop.

Note: On replevin of undivided interest in personal property, see note in 37 L. R. A. (N. S.), 267.

Before WHALEY, J., Richland, February, 1922.  Affirmed.

Action by Miss Minnie Brookhart against Luther Langford and Mike Langford as Langford Bros.  Judgment for plaintiff and defendants appeal.

*Messrs. Graydon & Graydon,* for appellant, cite:  *Lien:* 53 S. C., 280; 13 S. C., 548; 20 S. C., 6; 14 S. C., 35; 17 S. C., 154; 30 S. C., 267; 42 S. C., 21; 43 S. C., 459. *Counterclaim:*  67 S. C., 11; 30 S. C., 262.  *Judge's charge erroneous:*  118 S. C., 329; 102 S. C., 499; 107 S. C., 142; 107 S. C., 332; 108 S. C., 206; 114 S. C., 353.

*Messrs. Melton & Belser* for respondent.

May 13, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action in claim and delivery to recover possession of one bale of cotton.  The plaintiff is an agricultural landlord, and in her complaint alleged that she was entitled to the possession of the property by virtue of the landlord's statutory lien for rent; that her tenant was "willing and anxious to deliver" to her; that the cotton was ginned at the gin of defendants; and that the defendants thereafter unlawfully retained possession and refused to deliver the cotton either to the plaintiff or her tenant.  The defendants are supply merchants, and by their answer alleged, in substance, that they held past-due chattel mortgages of the tenant covering this cotton, and that the plaintiff was indebted to them as guarantor of the tenant's debt to them in an amount exceeding the value of the bale of cotton in their possession.

There are a number of exceptions, but the main contention made is that a landlord's lien for rent, not disputed by the tenant, is not such title or right as will support an action in claim and delivery against a third party for the possession of property.  The point that in such case the landlord's remedy under the agricultural lien

law is exclusive, and that the action of claim and delivery will not lie, was made in the trial Court by demurrer to the complaint and by certain requests to charge (exceptions 1, 2 and 6). The question has recently been squarely decided against appellants' contention in the case of *Sumter Duroc Stock Farm v. Du Bose* (S. C.), 121 S. E., 673. See *Hamilton v. Blanton,* 107 S. C., 142, 145; 92 S. E., 275; 24 Cyc., 1277; 34 Cyc., 1392. The exceptions directed to that contention must therefore be overruled.

The only other point urged upon our attention in appellants' printed argument is embraced in the proposition that, "because the testimony was undisputed that the defendants had an interest in the cotton to the extent of at least 10 pounds, * * * their possession was not unlawful, and they were entitled to hold it." The contention is apparently predicated upon exception 4, which assigns error broadly in the alleged failure of the trial Judge to charge to the effect that, if the defendants were found to be part owners of the bale of cotton, then their possession was lawful, and plaintiff could not recover. The material issue of fact made by the evidence was as to whether the plaintiff had waived her lien for rent to the amount of at least $60. The Court charged the jury fully and clearly to the effect that if the plaintiff had agreed so to waive her landlord's lien then the defendant would be entitled to hold possession of the cotton until they got the amount the plaintiff had agreed for them to get out of the tenant's crop under their mortgage lien. No specific written request to charge as to the 10 pounds excess weight of the bale, was preferred by defendant's. Assuming that the "rent bale" to which plaintiff was entitled was a 500-pound bale, and that the defendants were entitled as mortgagees to the additional 10 pounds the bale is said to have contained, it is by no means certain that the general rule invoked by appellants, viz., that one joint owner of a chattel may not maintain replevin against another to recover his undivided part, should be applied to

defeat our statutory action of claim and delivery, where the claimant's interest in a bale of cotton amounts to at least the full weight of the standard commercial bale of 500 pounds. See 23 R. C. L. p. 862, §§ 10 and 11; page 869, § 18; note, 37 L. R. A. (N. S.), 269.

There are reasons having to do with local usages and customs in the conduct of our system of tenant farming and in the marketing of our staple crop—usages and customs of which the Courts of this jurisdiction might properly take judicial notice—which militate strongly against the view that the owner of a standard 500-pound bale of cotton should be deprived of the right to maintain an action in claim and delivery by the fact that the bale in question contained a few additional pounds which belong to another. But it is not necessary expressly to decide that question here. In the case at bar there was evidence, which was not contradicted and which appears to be undisputed, that long prior to the commencement of the action the plaintiff tendered to defendants a check in full payment of the amount due defendants on account of the 10 pounds claimed by them. The record does not disclose whether the check was accepted and cashed by defendants. If it was, any interest of defendants in the 10 pounds, of course, passed by purchase to the plaintiff. If the check was not so accepted, in the state of the facts disclosed by the record, it does not sufficiently appear that the tender was not a substantial compliance—by one having express or implied authority to act on behalf of the mortgagor—with the provisions of the statute; Section 5630, Vol. 3, Code, 1922, giving to a mortgagor the right to redeem personal property mortgaged any time before sale by the mortgagee. See *Lowery v. Gregory*, 60 S. C., 149; 38 S. E., 257. In no view of the evidential facts, therefore, can we perceive that in this aspect of the case there was such prejudicial error in the Court's charge, or failure to charge, as entitles appellants to a reversal.

The appellants' only remaining exceptions (3) and (5), in substance, impute error generally in that the Court did not fully and correctly charge the law as to the effect of waiver by plaintiff, in whole or in part, of her landlord's lien. The exceptions are not supported by the record. As noted above, we think that the issue of fact as to waiver was fairly submitted to the jury under appropriate instructions.

The judgment of the County Court is affirmed.

Messrs. Justices Watts, Cothran and Fraser concur.

Mr. Chief Justice Gary did not participate.